IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| QUINDON M. YELDER,<br><br>                Plaintiff,<br><br>vs.<br><br>LLOYD J. AUSTIN III, Secretary of Defense,<br><br>                Defendant. | **8:21CV320**<br><br>**MEMORANDUM AND ORDER** |

      This matter comes before the Court on Defendant Lloyd Austin III's motion for summary judgment pursuant to Fed. R. Civ. P. 56, for failure to exhaust his administrative remedies and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Filing No. 16. Plaintiff, Quinton M. Yelder, alleges race, color, and gender discrimination under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, and failure to accommodate his disability under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112 to 12117. Filing No. 1. Mr. Yelder is a pro se plaintiff and filed a brief in opposition to defendant's request for summary judgment and failure to state a claim. Filing No. 20.

I.       **FACTUAL AND PROCEDURAL BACKGROUND**

      On October 17, 2016, Quindon M. Yelder worked at the Defense Commissary Agency ("DeCA") at Offutt Air Force Base Commissary as a store worker. Filing No. 1 at 3. Yelder asserts he was forced to resign on August 1, 2019. He alleged unfair and discriminatory treatment, specifically, discrimination based on his sex (male), race (African American), and disability (physical/mental). Filing No. 1-1 at 1. On August 6, 2019, Yelder requested Equal Employment Opportunity ("EEO") counseling. *Id.* at 2. On

1

October 16, 2019, Yelder received a Notice of Right to File a Formal Complaint of Discrimination and a Discrimination Complaint Form.  *Id.*

Yelder filed his Formal Complaint of discrimination.  *Id.*  On January 13, 2020, the EEO issued a Notice of Accepted Issues that would be investigated, including:

> a. On August 1, 2019, Mr. Yelder alleged that he was forced to resign after a disagreement with management resulting from the denial of a routine work break. Although the reasonable accommodation interactive process was initiated on October 16, 2019, the complainant viewed everything that led up to his resignation as a form of harassment and a hostile work environment that could have been prevented with early implementation of the interactive process.
> b. Since February 2017 and continued until the Mr. Yelder's resignation (August 2019):
> 1. On a continuous basis, Ms. Rikki Parker denied or overly scrutinized the complainant's leave requests.
> 2. On a continuous basis, Ms. Parker routinely harassed (non-sexual) the complainant when he requested routine work breaks.
> 3. On a continuous basis, Ms. Parker favored female employees over male employees (regularly delegating warehousing duties to only male employees).
> 4. On a continuous basis, Ms. Parker spoke to the complainant inappropriately (i.e., "You are moving too slow", "Get a job at Walmart").
> 5. On several occasions, the complainant and his representative requested reasonable accommodations for the complainant (as far back as February 2017).

Filing No. 17-1 at 9.  On July 10, 2020, Yelder was notified by the EEO that a Report of Investigation ("ROI") was completed and that he could either request a hearing from an EEOC administrative judge or a Final Agency Decision ("FAD") without a hearing.  *Id.*

After additional unsuccessful efforts to resolve the formal complaint, a 28-page FAD was issued on April 30, 2021, which included an attached Notice of Appeal Rights and an EEOC Form 573-Notice of Appeal/Petition.  *Id.* at 10.  The FAD indicated that Yelder failed to prove the defendant subjected him to unlawful disparate treatment and harassment based on his sex, race, and impairment as presented in his formal complaint.

2

*Id.* Furthermore, Yelder failed to prove by a preponderance of the evidence that management did not accommodate him as agreed upon in February 2017. *Id.*

On May 3, 2021, Yelder was given a copy of the FAD, Notice of Appeal Rights, and an EEOC form to file an Appeal. *Id.* The notice of appeal rights attached to the FAD read:

> **NOTICE OF APPEAL RIGHTS**
> This is the Agency's Final Agency Decision (FAD) on the cited complaint. The following are the only rights available to challenge this decision.
>
> **APPEAL TO THE EEOC**
> A Notice of Appeal may be filed with the EEOC within thirty (30) calendar days after receipt of this FAD. EEOC Form 573, Notice of Appeal/Petition, should be used in filing the appeal, as well as whit is being appealed should be indicated in the form. A copy of EEOC Form 573 is provided with this decision. Such notice should be directed to: . . ..
>
> **CIVIL ACTION IN FEDERAL DISTRICT COURT**
> You also have the right to file a civil action in an appropriate United States District Court. If you choose to file a civil action, you may do so:
> 1. Within 90 days of receipt of this FAD on an individual or class complaint if no appeal has been filed;
> 2. After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and final action has not been taken;
> 3. Within 90 days of receipt of the Commission's final decision on an  appeal; or
> 4. After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

Filing No. 17-1 at 58–59.

On May 17, 2021, Yelder filed an appeal with the EEOC  *Id.*  On August 24, 2021 the plaintiff filed the his complaint with this Court. Filing No. 1. As of February 22, 2022, the EEOC had not issued a decision on the appeal. *Id.* at 11. On June 29, 2022, the

3

EEOC dismissed the plaintiff's claim because he filed the complaint in this Court. Filing No. 23-1.

## II. STANDARD OF REVIEW

### A. Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "Summary judgment is appropriate when, construing the evidence most favorably to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Crozier v. Wint*, 736 F.3d 1134, 1136 (8th Cir. 2013). "Summary judgment is not disfavored and is designed for 'every action.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (en banc) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)). In reviewing a motion for summary judgment, the court will view "all evidence and mak[e] all reasonable inferences in the light most favorable to the nonmoving party." *Inechien v. Nichols Aluminum, LLC*, 728 F.3d 816, 819 (8th Cir. 2013). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Torgerson*, 643 F.3d at 1042 (quoting *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150 (2000). "But the nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts." *Torgerson*, 643 F.3d at 1042; and see *Briscoe v. Cnty. of St. Louis, Missouri*, 690 F.3d 1004, 1011 (8th Cir. 2012) (stating that the nonmoving party "must come forward with 'specific facts showing that there is a genuine issue for trial.'").

Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, the moving party need not negate the nonmoving party's claims by showing "the absence of a genuine issue concerning any material fact." *Celotex Corp.*, 477 U.S. at 325 (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 159 (1970)). Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* In response to the movant's showing, the nonmoving party's burden is to produce specific facts demonstrating "'a genuine issue of material fact' such that [its] claim should proceed to trial." *Nitro Distrib., Inc. v. Alticor, Inc.*, 565 F.3d 417, 422 (8th Cir. 2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)); *see also Quinn v. St. Louis Cnty.*, 653 F.3d 745, 751 (8th Cir. 2011) (stating "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment") (quoting *Anderson*, 477 U.S. at 247–48). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Torgerson*, 643 F.3d at 1042.

**B. Motion to Dismiss**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Invs. Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atl.*

5

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Ashcroft*, 556 U.S. at 678), cert. denied, 135 S. Ct. 2941 (2015).

The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'" *McDonough v. Anoka Cnty.*, 799 F.3d 931, 946 (8th Cir. 2015) (quoting *Bell Atlantic Corp.*, 550 U.S. at 555). The Court must accept factual allegations as true, but it is not required to accept any "legal conclusion couched as a factual allegation." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016) (quoting *Ashcroft*, 556 U.S. at 678). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Ashcroft*, 556 U.S. at 678), cert. denied, 136 S. Ct. 804 (2016).

On a motion to dismiss, courts must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atlantic Corp.*, 550 U.S. at 555 & 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on

6

its judicial experience and common sense." *Mickelson v. Cnty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (alteration in original) (quoting *Ashcroft*, 556 U.S. at 679).

## III. DISCUSSION

### A. Title VII

#### 1. Right to Sue

Under 29 C.F.R. § 1614.407, a complainant may file a Title VII civil suit in federal court "after 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission." While timely filing with the EEOC is not a jurisdictional requirement, it is a requirement subject to estoppel. See *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) ("filing a timely charge of discrimination with the EEOC is not a jurisdiction prerequisite to suit in federal court, but a requirement that, like a statute of limitation, is subject to waiver, estoppel, and equitable tolling").

Although the Eighth Circuit has yet to decide a case speaking directly to the FAD 180-day waiting period, some jurisdictions have found the waiting period in section 2000e-16(c) mandatory, subject only to equitable factors. *Nicholson v. Mabus*, 257 F. Supp. 3d 6, 8 (D.D.C. 2017). Furthermore, the Eighth Circuit has held that "before bringing discrimination claims, Title VII plaintiffs must exhaust available administrative remedies." *Bailey v. U.S. Postal Serv.*, 208 F.3d 652, 654 (8th Cir. 2000).

At the time of filing this lawsuit, the EEOC had yet to reach a decision on his appeal. Yelder filed this civil lawsuit on August 24, 2021, only ninety-nine (99) days after his appeal of the FAD. This was consistent with the instructions given in the "Notice of Appeal Rights" attached to the FAD apparently allowing filing of a civil action in the District Court "Within 90 days of receipt of this FAD…." *Id.* Defendants argue that Yelder failed

to exhaust available administrative remedies by not properly waiting the required 180-days, pursuant to 29 C.F.R. § 1614.407. Yelder has presented no evidence indicating that he should be estopped for failure to wait the required 180-days, other than he is not a lawyer and the court should level the playing field.[1]

The Court finds that plaintiff's confusion is justified. *See* Filing No. 18, ¶ 40–42. On May 17, 2021, Yelder filed his appeal of the agency's FAD to the EEOC. Yelder received a copy of the EEOC application as an attachment to the FAD which denied his EEO claim. As a result, he immediately filed with the EEOC. Yelder even marked on his Complaint in this Court that he received a Notice of Right to Sue Letter on April 30, 2021. Filing No. 1, IV. B at 5. The Court agrees that this process and the direction given to him were confusing. It appeared to Yelder that he was required to then file with the EEOC, when in fact he still had a case pending with the EEO. Accordingly, the Court finds that such dissemination of information prevented plaintiff from further waiting on his EEO claim, prior to filing with the EEOC. The Court will deny defendant's motion to dismiss on this ground.

Also, during the EEO process, Yelder claimed he was discriminated against by the defendant based on his sex, race, disability and hostile work environment and harassment, as previously stated herein. Defendant contends that the plaintiff failed to contact an EEO counselor within the 45 days set forth by the EEO. Pursuant to 29 C.F.R. § 1614.105(a)(1), an individual must present an informal pre-complaint to an EEO

---

[1] Plaintiff argues that the Court should apply equitable estoppel or equitable tolling. "Equitable estoppel applies if a defendant actively prevents a plaintiff from suing on time; equitable tolling applies if the plaintiff, despite due diligence, cannot obtain vital information about the existence of her claim." *Jenkins v. Mabus*, 646 F.3d 1023, 1027–28 (8th Cir. 2011). *See Stanley v. Saul*, No. 20-CV-00499-SRB, 2020 WL 6140552, at *4 (W.D. Mo. Oct. 19, 2020)

counselor within 45-calendar days of the alleged offense or personnel action. For the same reason as set forth above, the Court will deny defendant's motion to dismiss on this ground.

In addition, and in the alternative, the EEOC recently dismissed plaintiff's action and notified the plaintiff that he has a right to sue. *See* Filing No. 23-1, June 29, 2022. Accordingly, the issues raised by the defendant herein are no longer relevant, as the EEOC has issued a right to sue letter.[2] The Court finds the 45-day EEO requirement is also no longer relevant.

### B.  Discrimination under Title VII

Defendant next contends that the only cognizable acts are those that occurred from June 22, 2019, through August 6, 2019. During this time period, no discrete acts are alleged by Yelder, argues the defendant. However, at this early stage of the litigation, the Court is unable to make such a determination. The Court will permit discovery to occur, and thereafter, if the defendant feels it has a valid basis, it is free to file an appropriate motion at that time.

### IV.   ADA Discrimination Claim

Defendant claims that Yelder's ADA claims should be dismissed because the United States has not waived sovereign immunity to discrimination claims under the ADA

---

[2] The EEOC stated:
> You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, filing a civil action will terminate the administrative processing of your complaint.   Filing No. 23-1 at 3.

and that Yelder must bring suit under the Rehabilitation Act ("RA"). 29 U.S.C. § 701, Filing No. 18 at 23.

The Eighth Circuit has held that the ADA and the RA are "similar in substance" and interchangeable. *Gorman v. Bartch*, 152 F.3d 907, 912 (8th Cir. 1998). However, when suing an employer, the ADA expressly excludes corporations "wholly owned by the government of the United States." 42 U.S.C. § 12111. As a federal employee, Yelder sued under the Americans with Disabilities Act pursuant to 42 U.S.C. § 12112. Since the ADA does not apply to federal agencies, this Court must dismiss Yelder's ADA claims for lack of jurisdiction. However, if the plaintiff believes he has a cause of action under the Rehabilitation Act, he can file a motion to so amend, and the Court will review the request.

## V.     Conclusion

The plaintiff may proceed with his case pursuant to his Complaint as set forth herein. He has alleged allegations of race, color and sex. He alleges this discrimination occurred from December 2016 through August 2019. With regard to the summary judgment portion of the motion, the Court finds there are insufficient facts to grant the motion. The record must be further created, and the discovery process must go forward. Further, with regard to the motion to dismiss portion of the motion, plaintiff has raised sufficient allegations to put the defendant on notice of the claims against it and has alleged cognizable claims in each of the three categories, race, gender and hostile work environment. The plaintiff did not allege a cognizable claim with regard to the American with Disabilities Act and that cause of action will be dismissed. Further, the plaintiff has alleged sufficient reasons for the filing of his complaint with the EEOC, rather than pursuing further EEO steps. The Court finds this is an appropriate case of estoppel and

equity, and in any event, the EEOC dismissed its filing and indicated the plaintiff could file a suit in federal court. This alone constitutes sufficient estoppel in this case.

**THEREFORE, IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, is denied in all respects except, the failure to accommodate his disability under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112 to 12117, Filing No. 16, is granted.

2. Defendant's Motion to Strike, Filing No. 21, is denied as moot.

Dated this 8th day of August, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge