IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| QUINDON M. YELDER, | |
| Plaintiff, | **8:21CV320** |
| vs. | |
| LLOYD J. AUSTINIII, Secretary of Defense; | **ORDER** |
| Defendant. | |

This matter is before the Court on Plaintiff's motion for appointment of counsel. ([Filing No. 43](#).) The motion will be denied.

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." [*Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)](#). Trial courts have "broad discretion to decide whether both the [indigent litigant] and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the [indigent litigant's] ability to investigate the facts and present his claim." *[Id](#)*. See also [*Perez v. Hilton Double Tree*, 4:22CV3050, 2022 WL 1158564 (D. Neb. Apr. 19, 2022)](#) (stating that a court may request an attorney to represent an indigent civil litigant, but that it has discretion in deciding whether to do so).

Having again considered these factors, the Court, using its broad discretion, finds that appointment of counsel is not warranted. This is Plaintiff's third request that counsel be appointed. The last such request was filed on August 15, 2022. Nothing has occurred in this case which warrants reconsideration of the last order denying Plaintiff's request that counsel be appointed by the Court.

Plaintiff also requests that the Court order Defendant to resolve this case out of Court. The Court will not order this relief. If Plaintiff wants to negotiate with Defendant regarding dismissal terms, this process must take place between the parties without Court involvement.

2

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for appointment of counsel (Filing No. 43) is denied.

Dated this 3rd day of November, 2022.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge